CHARLOTTE AND ROY BELL v. V. G. PICKETT AND ANOTHER.[1]

November 29, 1929.

Nos. 27,554, 27,555.

[1] Reported in 227 N. W. 854.

*Barrows & Stewart,* for appellant.
*Gallagher, Madden & Gallagher,* for respondents.

Olsen, C.

Action by Charlotte Bell to recover damages for personal injuries received by her in an automobile collision, and action by Roy Bell, her husband, to recover for medical and hospital expenses incurred by him in the treatment of his wife for such injuries and for loss of her services. The two cases were tried together. Defendants were the drivers of the two colliding cars. Plaintiffs were passengers in the car driven by defendant Pickett. Verdicts were returned in favor of plaintiff and against both defendants in each case. Defendant Pickett appeals in each case from an order denying his motion for a new trial. The collision happened on February 22, 1927.

The assignments of error relate only to the court's charge and failure to charge. It is conceded that the evidence presented questions of fact for the jury in each case and that there is sufficient evidence to sustain the verdicts.

The collision happened at the intersection of Lyndale avenue and Forty-second street in Minneapolis. Lyndale avenue is a designated through street or highway, with stop signs on each side thereof at intersections with other streets. Defendant Ballard was driving north on Lyndale avenue. Defendant Pickett was driving west on Forty-second street. The collision happened shortly after 12 o'clock at night. The pavement was icy and slippery, more so on the cross streets than on Lyndale. The headlights on both cars were on and in proper condition. Defendant Pickett testified that as he came to Lyndale avenue, knowing that it was a through highway with stop signs, he momentarily stopped his car, shifted into low, and then proceeded slowly into the intersection; that he had seen the lights of the other car approaching from the south for some time; that when he was not over two feet onto the traveled portion of Lyndale he noticed that Ballard was close and going fast; that he judged he had time to get across, speeded up his car and proceeded straight across the intersection; that because of the icy pavement he did not dare apply his brakes, attempt to stop, or turn; that he took a long chance and stepped on the gas; that he was forced to take a long chance; that he misjudged either the distance from or the speed of the other car. The occupants of the Ballard car saw the lights of Pickett's car for several hundred feet before they reached the intersection. The Ballard car was traveling at greater speed than the Pickett car. Ballard swung his car to the left in an attempt to avoid the collision, but the cars sideswiped and collided at a point, as we understand it, within the intersection just west of the center line of Lyndale avenue. That Pickett stopped before he reached the intersection is denied.

■ The court submitted to the jury the question of common law negligence, the failure to exercise ordinary care under the circumstances as found to exist at the time. It further submitted the

question whether either driver exceeded a reasonable and proper speed. It gave to the jury the statutory rule, L. 1925, p. 666, c. 416, § 23, that when two vehicles approach or enter an intersection at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. The court further charged that, if the jury found from the evidence that the two cars approached or entered the intersection at approximately the same time, then it was the duty of defendant Ballard to yield the right of way, his vehicle coming from the left of the Pickett car. To this statement of the right of way rule the court added:

"However the rule of law as given is not unyielding and inflexible, because drivers of automobiles are not justified in taking close chances. And so in this case, under the evidence, you have the right to take this rule of law into consideration and apply it to the evidence; but under all of the circumstances determine the questions of negligence as they appear from the facts in the case and determine whether or not under all of the circumstances it was the duty of the defendant Ballard to so yield the right of way to the defendant Pickett."

In the same connection the court gave plaintiffs' requests number two and three as follows:

"2. The law of the road is not unyielding. It does not invariably give the vehicle to the right of the intersection the preference. Regard must be had to surrounding circumstances, and in connection with state and municipal traffic regulations the drivers of vehicles upon the public streets always must be mindful of the abiding rule requiring the exercise of due care to avoid collision.

"3. The statute does not warrant drivers in taking close chances. If the driver of an automobile approaching a street intersection sees a vehicle approaching at a fast rate of speed so that there is reasonable danger of a collision, if both proceed, then it is his duty to exercise due care so as to avoid a collision."

The court further gave to the jury the statutory rule, found in the same § 23, L. 1925, p. 666, c. 416, that all drivers of vehicles

approaching a through highway having stop signs on the sides thereof must come to a stop before entering such highway.

Whether defendant Pickett came to a stop before entering Lyndale avenue was in dispute and was for the jury to determine. This stop rule is part of the same section as the right of way rule and is to be construed therewith. It is clear that one of the purposes of the stop rule is to aid and protect traffic on the through street, and that a driver who has stopped in obedience to the stop sign must thereupon exercise due care with reference to traffic on the through street before entering thereon. If a driver, knowing the through street and that signs are there, enters such street without stopping, he can claim no benefit from the right of way rule. If he does stop and thereafter exercises due care in entering the through street, he then has the benefit of the right of way rule. Under the evidence here presented, the trial court correctly charged that the jury was to determine the questions of negligence under all the circumstances shown from the facts in the case and determine whether or not under all the circumstances it was the duty of the defendant Ballard to yield the right of way.

■ That the right of way rule is not unyielding and that drivers having the right of way are not justified in taking close chances has been held in numerous cases. Syck v. Duluth St. Ry. Co. 146 Minn. 118, 177 N. W. 944; Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647; Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992; Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606, 46 A. L. R. 993; Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; Tegels v. Tegels, 177 Minn. 222, 225 N. W. 85; Pederson v. O'Rourke, 54 N. D. 428, 209 N. W. 798; 3 Dunnell, Minn. Dig. (2 ed.) § 4164e, and cases there cited.

■ Other portions of the charge are assigned as errors. It is contended that the court failed to give to the jury the rule that before plaintiffs could recover they must find that defendants' negligence was a proximate cause of the collision and injuries. Upon the court's attention being called to the fact that this rule was not clearly stated in the charge, the correct rule was promptly given

to the jury.   In its general charge the court stated that each driver had the right to assume that the other would comply with the law with reference to the operation of his car and abide by all rules and regulations in force in regard to the use of the street. It was not error to refuse a request to charge that Pickett had the right to assume that the other driver would yield the right of way. Error is assigned upon the giving of plaintiff's third request, already quoted.   The words "so as to avoid a collision" may be technically open to criticism but, taken in connection with the entire charge, are not misleading.   There was no question of contributory negligence involved.   The decisive issues as to defendant Pickett were whether he was negligent and whether his negligence alone, or in combination with negligence of Ballard, caused the collision.   The charge as a whole clearly and fairly submitted these issues to the jury. All errors assigned have been considered and found not well taken.

The orders appealed from are affirmed.

STONE, J. took no part.

