## Bowman v. Ernst (two cases).

(Decided May 22, 1934.)

BENTON, BENTON, SMITH & LUEDEKE for appellants.

ARTHUR C. HALL for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming in part and reversing in part.

Overton street in the city of Newport, Ky., runs north and south, and Eighth street runs east and west, intersecting with and crossing Overton street. On the morning of July 1, 1932. Ernest K. Bowman and his daughter, Winifred F. Bowman, were driving a Ford roadster northwardly on Overton street, and their car collided with a Durant sedan owned by appellee, Adolph H. Ernst, which was being driven by Ernst's son, Walter J. Ernst, at the intersection of the above-named streets. As a result of the collision, the appellants were injured, and they each filed separate suits against appellee in the Campbell circuit court to recover for their respective injuries.

Plaintiffs alleged negligence in the operation of defendant's car. Defendant filed his answer denying the allegations of the petition and pleaded contributory negligence on part of the plaintiffs, and counterclaimed against Ernest K. Bowman for damages to defendant's car.

By subsequent pleadings the issues were made and a trial had and resulted in a verdict for the defendants, and judgment entered dismissing plaintiffs' petitions. This appeal results. The cases were consolidated and tried as one and will be so considered on this appeal.

The grounds urged in brief of plaintiffs for reversal are: (1) That the court erred in instructing the jury, and (2) the verdict in each case is palpably against the weight of the evidence.

Ernest K. Bowman testified that he was driving his car at a maximum speed of 25 miles an hour when he ontered the intersection of the streets where the acci-

dent occurred. He stated that there was a stop sign in the middle of Eighth street near its intersection with Overton street, but that the defendant's car did not stop before entering the intersection and was running at a maximum rate of speed of about 35 miles an hour. He stated that he entered the intersection about 5 feet ahead of defendant's car and defendant entered the intersection and struck his car. The plaintiff Winifred Bowman testified that their (plaintiffs') car entered the intersection at a speed of about 20 miles an hour and their car was nearer the intersection than defendant's car at the time they entered the intersection; that defendant's car was running at about 45 miles an hour and she saw it before it reached the stop sign but it never stopped and came on into the intersection. George Lampe, testifying for plaintiffs, stated that at the time of the accident he was sitting on his front porch approximately 100 feet from the intersection and saw the accident; that plaintiffs' car was running approximately 25 miles an hour; and that defendant's car was running faster than plaintiffs' car but he did not state just how fast it was going. He said he did not see the defendant's car stop at the stop sign before entering the intersection. He stated that the back end of plaintiffs' car was about 2 feet north on Eighth street and the other car came out of Eighth street and hit plaintiffs' car on the left rear fender.

In contradiction to the evidence for plaintiffs as above indicated, we have the evidence offered for defendants, to which we will now refer. Mrs. Eleanor Crawford testified that she was crossing the street near the intersection where the accident occurred and saw defendant's car stop near the intersection and Overton street was clear, and after defendant's car entered the intersection, the roadster (plaintiffs' car) entered the intersection and hit defendant's car and that the roadster was running at a terrific speed, and it came so quick that she did not see it. Walter J. Ernst, who was driving defendant's car, testified that when he approached the intersection he stopped his car near the stop sign and put it in low gear and looked up and down Overton street and saw no car coming. He then started across Overton street in low gear and, after he entered the intersection and before clearing it, he was struck by plaintiffs' car; that he could not judge the exact speed

of plaintiffs' car but that it was running "way over its speed limit * * *, it was going very fast."

It will be noticed that the evidence is sharply conflicting respecting negligence and it was therefore a question for the jury. We are unauthorized to disturb the finding of the jury on such conflicts of evidence as presented in this case, in so far as it is authorized by appropriate instructions.

Winifred Bowman complains of instruction Nos. 1 and 3. The serious objections to instruction No. 1 is it fails to conform to the principle that if two automobiles collide to the injury of a third person and both operators of the automobiles are in fault, each is liable to such third person; but if only one is at fault, he alone is liable. Matlack v. Sea, 144 Ky. 749, 139 S. W. 930. On another trial the court will instruct the jury it was the duty of Ernst, as he approached the intersection of Eighth and Overton streets with his automobile at the time referred to in the evidence, to have his automobile under reasonable control; to keep a lookout ahead; to give timely signal or warning of his approach to the intersection; exercise ordinary care in the control and operation of his automobile to prevent its colliding with any other automobile or vehicle on the crossing; and if the jury believe from the evidence that he, in the control and operation of his automobile, failed in any one or more of these particulars mentioned, and by his failure he caused or helped to bring about the collision between the automobile he was operating and that in which Winifred Bowman was riding and she was thereby injured, the law is for her as to Ernst. The uncontradicted evidence showing a visible stop sign placed under the city authorities on Eighth street at its approach of its intersection with Overton street, it was the duty of the driver of the Ernst car to exercise ordinary care to learn of its presence and come to a stop before passing it, Keir v. Trager, 134 Kan. 505, 7 P. (2d) 49, 81 A. L. R. 181; Harris v. Blythe, 222 Ala. 48, 130 So. 548; Bell v. Pickett, 178 Minn. 540, 227 N. W. 854, and if the Bowman car was nearest to the intersection, it was the duty of the driver of the Ernst car to allow it to pass before entering the intersection. The court in its instructions to the jury should so write the instructions covering the duties of Ernst in respect to the stop sign.

Also the court should have given a similar instruc-

tion defining the duty of Bowman and telling the jury that if he failed to do these things or any of them and his negligence concurrently with that of Ernst brought about the collision between the two automobiles, the law was for Winifred Bowman. If the collision between the two automobiles was without any negligence on part of Ernst, causing the collision as defined above, then the law was for Ernst. If Bowman and Ernst both were negligent and so contributed to bring about the collision, Ernst is liable, although Bowman also may be liable as to Winifred Bowman. The court properly instructed the jury that the negligence of the driver of the car in which she was traveling was not imputable to her. By instruction No. 3, the court defined the duty of Winifred Bowman if her father was guilty of negligence which she saw and realized in time to warn him of her and his imminent danger and if she failed to exercise ordinary care in doing so, in this event to find for Ernst. There was no evidence on which to base this instruction. So far as the evidence conduces to show, if she saw such peril and imminent danger, she had not sufficient time prior to the accident to have enabled her to take any precautionary steps within time to avoid the collision. The evidence shows her peril arose suddenly without an opportunity on her part to exercise ordinary care to avoid this consequence and provide against it for her own safety. Ray v. Ray, 196 Ky. 579, 245 S. W. 287. In such circumstances the contributory negligence of her father cannot be attributed to her. Cox's Adm'r v. Cincinnati, N. O. & T. P. R. Co., 238 Ky. 312, 37 S. W. (2d) 859. On another trial, if one is had as to Winifred Bowman, the court will instruct the jury as we have indicated, in lieu of instructions Nos. 1 and 3.

In the trial of a civil cause it is not the duty of the court to give to the jury an instruction as to the theory of either party without a request. If the instructions are prepared by the court and a party conceives that they do not embrace all his grounds of recovery or defense, those given by the court being correct as far as his grounds of recovery or defenses, in so far as written by the court, it then becomes the duty of the party who conceives that one of his grounds of recovery or defense is omitted by the instructions as prepared by the court, to offer an instruction embracing the omitted ground of recovery or defense as the case may be. Bowman argues the court erred in failing to instruct the

jury as to the speed of Ernst's car. He failed himself to offer an instruction relative thereto. Therefore, he cannot complain of the failure of the court to instruct the jury on this topic. Louisville, Henderson & St. Louis R. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073; Ray v. Ray, supra. The evidence showing a visible stop sign on the street traveled by Ernst's car, if Bowman had requested the court to give to the jury an instruction concerning it, it would have been the duty of the court to comply with his request, but failing to offer an instruction relative thereto he is in no attitude in this court to complain of the failure of the court to give such instruction. Under these circumstances we find no error in instructions given on the issues between Ernest K. Bowman and Adolph H. Ernst.

For reasons indicated, the judgment is affirmed as to Ernest K. Bowman and reversed as to Winifred Bowman with directions to award her a new trial consistent herewith.