## Stephens v. Glass et al.
## Reynolds v. McMurtrey.

Dec. 3, 1943.

Terry L. Hatchett for appellants.

Thompson & Walden for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

State highway No. 90 runs east and west through the town of Summer Shade in Metcalfe County, Kentucky, and forms the principal street therein. A side road, or alley enters the highway at a right angle from the north at a point within the center of the business portion of the town, which the proof shows has about five hundred inhabitants. About thirty feet north from the highway, and on the east side of the side road, or alley, is located the garage of M. L. Baldock who at the time of the accident here involved had in his employ as a mechanic, one Ewell Glass.

On December 4, 1941, J. D. Reynolds, who operates a wholesale grocery store in Glasgow, had in his employ as a traveling salesman, the appellant, J. H. Stephens, who left Glasgow early that morning driving a Chevrolet automobile on a sales mission for his employer, Reynolds, arriving at Summer Shade shortly before 8 o'clock. As he approached, from the west, the point of entrance of

the alley, or side road into the highway, Glass, the employee of Baldock, entered the highway in a Ford automobile belonging to H. L. McMurtrey, and at a speed not exceeding three or four miles per hour; but, according to what we believe to be the preponderance of the evidence, it was stopped before reaching the center of the paved highway and never entering the south side of the highway upon which Stephens was traveling. The latter claims to have not discovered the approach of the Ford automobile from the side road until he was some thirty feet from it, when he threw on his brakes which caused his Chevrolet automobile to skid to his left and collide with the front end of the McMurtrey automobile damaging both of them and inflicting personal injuries to Stephens, who filed the first action in the caption against Glass and Baldock to recover damages therefor which he placed at $759.80.

Later McMurtrey filed the second case in the caption against Reynolds, the employer of Stephens, to recover $300 as alleged damages inflicted on his Ford automobile, which he charged was done through the negligence of Stephens, the agent of Reynolds. Reynolds in his answer to that action also sought recovery by cross-petition against Glass and Baldock for damages to his Chevrolet automobile driven by his agent, Stephens, which he placed at $150. Affirmative allegations of all pleadings (following petitions) were controverted of record, followed by trial before a jury which returned a verdict against Reynolds in favor of McMurtrey in the sum of $200, thus placing the blame for the accident on Stephens, the agent of Reynolds.

The court overruled the motion for a new trial filed by Reynolds and rendered judgment on the verdict against him. It then dismissed the action of Stephens, and his motion for a new trial was also overruled. Stephens and Reynolds each filed separate transcripts of the record in this court, with a motion by Reynolds in this court to grant his appeal which is now overruled, and the judgment against him is affirmed for reasons hereinafter stated in disposing of the appeal by Stephens, the rights of each of them being identical.

The proof shows that at the time of the collision there was a truck parked on the berm of the highway at the northwest corner of the intersection of the side road with the highway, which obstructed to some extent the

views of both Glass and Stephens in approaching the intersection. The side road from the entrance door to the garage about thirty feet north of the highway, was slightly down grade and the Ford automobile after it was repaired was being moved by Glass to make room for another repair job to another automobile. In making that movement Glass permitted the McMurtrey car to move down the grade to the highway without applying any power, but when he discovered the approach of the Stephens automobile from the south he applied his brakes and, according to the preponderance of the evidence, stopped the car before it reached the center of the highway. It had been raining that morning and the surface of the highway was more or less slick, which fact, according to Stephens, caused his Chevrolet car to skid from the south side of the highway (his side) on to its north side so as to collide with the McMurtrey car, the collision causing his car to rebound across the south side of the highway and striking another automobile parked in front of the Summer Shade Bank, located on that side of the highway. The pleadings of Stephens and Reynolds charged actionable negligence against Glass and Baldock, whilst they in turn alleged negligence on the part of Stephens and Reynolds as the proximate cause of the collision.

The court submitted the respective issues of negligence, followed, as we have seen, by the jury finding that the negligence of Stephens was the proximate cause of the collision. His negligence as so found by the jury consisted chiefly in the excessive speed with which he was traveling at the time. He testified that his speed at the time he discovered the approach of the McMurtrey car from the side road was between twenty-five and thirty miles per hour, whilst a number of eyewitnesses testified that his speed was between forty and fifty miles per hour, and one witness put it as high as sixty miles per hour. Such a rate of speed was clearly calculated to cause his automobile to skid from his side of the highway to its other side when he applied his brakes, and especially so when traveling over a slick surfaced highway immediately following a rain, of all of which Stephens was aware, or should have been.

Section 189.390 of KRS (sections 2739g-43, 2739g-51 and 2739g-86 of the 1939 Supplement to Carroll's Edition of the statutes) forbids the driving of any vehicle upon

a highway "at a greater speed than is reasonable and prudent, having regard for the traffic and for the condition and use of the highway;" and subsection (a) of that section says "Where a highway passes through a closely built-up business portion of any city, if the rate of speed of motor vehicles on the highway exceeds twenty miles per hour, it shall be prima facie evidence of unreasonable and improper driving." According to all the evidence in the case, including that given by Stephens, he was traveling at a speed in excess of twenty miles per hour, and in submitting the issue of speed of Stephens the court told the jury, inter alia, by its instruction No. 1, that it was his duty "to not drive said car at a speed exceeding twenty miles per hour if you believe from the evidence the speed of the Reynolds (his) car was the direct and proximate cause of the collision or that considering the place where the accident happened and the use of the street or road, at said time, although exceeding twenty miles per hour was not unreasonable or improper driving." That instruction is chiefly criticized by counsel for appellants because he insists that any negligence of Stephens was not the proximate cause of the collision, since the proof shows, as he contends, that the proximate cause thereof was the negligence of Glass in entering upon the highway as hereinbefore described.

If it should be conceded that Glass may have been negligent in not stopping his automobile before entering upon the highway—although according to the preponderance of the proof he did stop before he entered the south half of it, upon which Stephens was traveling— yet the collision might not have occurred had Stephens been traveling at that particular point at a rate of speed "that is reasonable and prudent, having regard for the traffic and for the condition and use of the highway." It has been the experience of this court that excessive speed at which automobiles travel the highways of the country is by far the greater cause of highway collisions, and the statutory limitations of allowable speed is for the sole purpose of preventing just such results.

Instruction No. 1 so criticized by counsel for appellants conforms substantially to our statutes, supra, and as is approved by us in the cases of Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478; Nowack v. Joseph, 275 Ky. 470, 121 S. W. (2d) 939 and Gorman v. Berry, 289 Ky. 88, 158 S. W. (2d) 155.

See, also, Stanley's Instructions to Juries, page 127, section 99 and page 160, section 130, and cases in notes.

The criticisms offered to other instructions submitting the issues of negligence and contributory negligence as the proximate cause of the collision are chiefly based upon the same contention, i. e. that the negligence of Glass in entering upon the highway from the side road was, as a matter of law, the proximate cause of the collision and that the question of proximate cause should not have been submitted to the jury under the testimony, but that the court should have sustained plaintiffs' motions for a peremptory instruction in their favor with only the question of amount of damages submitted for the jury's determination. We conclude that our rulings in the cases referred to, in the light of the applicable statute, refute that contention and that the court properly submitted the issues of negligence, contributory negligence and proximate cause to the jury and that no reversible error appears in any of the instructions given.

It is further contended by appellants' counsel that the court should have defined ''right-of-way'' in some instruction to the jury, but no such instruction was offered or motion therefor made, and, even if it were the duty of the court to so instruct the jury (which, to say the least of it, is doubtful) the alleged error in failing to so instruct the jury was waived by not offering one to that effect. It is likewise insisted that the court erred in refusing to give the jury instruction ''B'' offered by counsel for appellants, which in effect submitted the last clear chance doctrine as applied to appellants, Stephens and Reynolds. But the negligence of Stephens, as found by the jury, consisted in the speed at which he was traveling at the time and place and under the then prevailing conditions and which was so engaged in by Stephens before the negligence on the part of Glass, if any, was committed, and which alleged negligence (of Glass) if any, would not have produced the collision except for the unreasonable and forbidden speed of Stephens. Other arguments for reversal are made in brief for appellants but which we conclude are clearly without merit and for which reason they will not be catalogued or discussed.

Wherefore, for the reasons stated, the judgment in each case is affirmed.