## Gartrell v. Harris' Coadm'xs.

May 25, 1945.

J. W. McKenzie for appellant.

Strother Hynes and LeWright Browning for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Elizabeth Harris and Catherine Weichers, having qualified as administratrices of Lorraine Harris, deceased, brought this action against the appellant, Charles H. Gartrell. The accident in which the decedent was killed and out of which the action arose, occurred about midnight, October 31, 1941, at the intersection of 13th Street (U. S. Highway No. 60) and Montgomery Avenue, in the City of Ashland, Kentucky. 13th Street runs in a northerly and southerly direction and is known and designated as a U. S. Highway and a boulevard. Montgomery Avenue runs in a easterly and westerly direction. Stop signs were maintained on Montgomery Ave-

nue warning east and west bound traffic to stop before entering 13th Street. The appellant, Charles H. Gartrell, was driving his car south on 13th Street. The decedent, Lorraine Harris, accompanied by a Mrs. Bernice Simmons, was driving her car east on Montgomery Avenue. In the car with the appellant was a Harry Nicholson. About 2½ blocks north of the scene of the accident, the Chesapeake and Ohio Railway crosses 13th Street, at which place appellant was stopped by a passing train. Immediately in front of Gartrell's car at the railroad crossing was a car driven by Arthur Ferguson, and immediately behind him was a car driven by George K. Johnson. After the crossing was cleared, all three cars proceeded south on 13th Street, and at Bath Street, about one block north of the scene of the accident, the appellant drove his car past the Ferguson car. The collision occurred at about the center of the intersecting streets, the front of the appellant's car hitting the rear left side of the Harris car. Judgment was obtained in favor of the appellees in the sum of $8650, and, upon motion of appellees, was reduced to $8600. Defendant appeals.

The appellant contends that the court committed five prejudicial errors. In the discussion of these respective contentions, the relevant facts will be discussed more in detail.

Appellant contends, first, that the court erred in not sustaining his motion for a directed verdict because the evidence failed to show that appellant operated his automobile in a negligent manner. In order to accept appellant's view, we would necessarily have to accept as highly compelling, if not conclusive, his evidence that he exercised due care. This accident occurred in the residence portion of the City of Ashland. Consequently KRS 189.390, making a rate of speed in excess of twenty-five miles per hour prima facie evidence of negligence, is applicable. In her testimony, Mrs. Simmons did not attempt to approximate the speed of Gartrell's car, but stated that when she first saw it, several car lengths away, "it was coming at a fast rate of speed."

Arthur Ferguson, who was passed by Gartrell at about Bath Avenue, stated that he was driving twenty to thirty miles per hour. George K. Johnson, the driver of the car immediately behind Gartrell's car, and an en-

tirely disinterested witness, who also passed the Ferguson car, testified that at Bath Avenue he was ten to fifteen feet behind the Gartrell car, and at the moment of the collision, the Johnson car was in front of the driveway leading into the Yelton Funeral Home, which was 121 feet north of the point of collision. It follows, then, that the Gartrell car covered the entire distance of the city block, or 300 feet, while the Johnson car ran 179 feet. Johnson testified that he was driving at the rate of 30 to 35 miles per hour.

The appellant admits that he was driving between 25 and 30 miles per hour on this dark and rainy night, and on streets that were wet and slick. He also admitted that he saw the Harris car when he was opposite the steps leading into the Yelton Funeral Home, which was a point shown to be sixty-five feet north of the center of the Montgomery Avenue intersection, and he further admitted that from the moment he saw the Harris car until the collision occurred, that it did not move more than 25 feet, which means Miss Harris was driving only 25 feet while he was driving 65 feet. The above are factors which, at that particular time and place, are to be considered as tending to show negligence on Gartrell's part. Under such state of facts, it is obvious that the question of negligence was a responsibility of, and properly left for the determination of the jury. This ruling has been approved by this Court in many cases. See Bowman v. Ernst, 254 Ky. 376, 71 S. W. 2d 1013; Hilsenrad v. Bowling, 292 Ky. 368, 166 S. W. 2d 847; Stephens v. Glass, 296 Ky. 90, 176 S. W. 2d 139.

It is next contended by the appellant that decedent was negligent as a matter of law in failing to stop before entering 13th Street, and that upon this ground appellant was entitled to a directed verdict. Mrs. Simmons stated positively that before entering the intersection, Miss Harris stopped her car, placed the gears in low and then proceeded slowly into 13th Street. This testimony is corroborated by the fact that after the accident the Harris car was still in low gear. To put the most favorable construction upon the evidence favoring the appellant, we still would have nothing more than negative testimony. Nicholson, who was riding with Gartrell, said:

"Well, I first saw the Harris car, it was moving

rather fast and I didn't see it stop, it was going fast if it stopped, I didn't see it stop. It was going fast. I didn't see it if it stopped."

And then later he said:

"I don't know whether she did or whether she didn't."

The appellant contends that the stop must be made at the entrance of a through highway, and not at some point distant from the intersection. Subsection 3 of Section 189.330 KRS requires stopping before entering a highway of a higher class, and subsection 4 thereof provides:

"The driver of a vehicle shall stop at the entrances to a through highway."

Certainly, the purpose of the above statute is to promote safety at intersections, and the statute does not attempt to lay down or to set out the precise point within inches for stopping at every intersection. It is common knowledge that surroundings and environment differ at the various crossings and the stopping is for the purpose of affording a reasonable opportunity to ascertain whether or not the driver may safely proceed across the intersection. Since the selection of the point where the driver may choose to make his observations is not subject to arbitrary rule, there necessarily follows, then, the question of whether or not the judgment in that matter was reasonably exercised. Mrs. Simmons testified that Miss Harris stopped the car "and proceeded slowly until we could see there were no cars coming" and that she could see "for half the next block." Obviously, under the above testimony, a question of fact was involved and its determination would properly be submitted to a jury.

Appellant complains rather vigorously that it was prejudicial error to permit the testimony in detail of gruesome physical injuries found upon the deceased's body. Over oppellant's objection and exception, the following remarks were admitted:

"She had a jellied skull."

"She had a broken neck."

"Her arm was broken in several places."

"All the flesh had come off with her underclothing."

"It looked just like she had been run into and torn all to pieces."

Appellant contends that such remarks were incompetent, irrelevant and highly prejudicial, and were injected into the record for the sole and only purpose of inflaming the minds of the jury.

The appellee took the position that the gruesome condition of the deceased's body was competent evidence of the speed of the Gartrell car and of the terrific impact, especially in view of Gartrell's assertion that his car had almost stopped when the collision occurred.

To take the appellant's position in that respect would mean an utter disregard of the facts that the decedent was a registered nurse; was only 33 years of age; was in good health and earning $155 per month at the time of her death. Certainly it cannot be seriously contended in the light of the above, that the verdict was unreasonable and resulted from passion and prejudice.

The appellant next contends that the court erred in giving Instructions Numbers 1 and 2, and in failing to give Instruction "X" offered by the appellant. By subsection (e) of Instruction No. 1, the Court told the jury that the appellant had the right of way over the intersection. Appellant claims the Court erroneously qualified this instruction by adding the following:

"Unless you believe from the evidence that at the time the automobile of plaintiffs' decedent entered said intersection the car of defendant was a sufficient distance therefrom for the automobile of plaintiffs' decedent to cross said intersection with reasonable safety, in which latter event it was the further duty of the defendant to yield the right of way over said intersection to the automobile of plaintiffs' decedent."

Evidently, the appellant entirely overlooked the testimony of Mrs. Simmons, who testified that the Gartrell car was not in sight when Mrs. Harris started into the intersection. He overlooked the fact that the appellant himself testified that when he first saw the Harris car enter the intersection, he was 65 feet north of the intersection, and he further overlooked the fact that anyone entering an intersection has a right to assume that any approaching car is being operated at a reasonable rate of speed.

In giving subsection (d) of Instruction No. 2, appellant contends that it was erroneous in that it did not advise the jury at what point the deceased, Lorraine Harris, was required to bring her automobile to a dead stop, and offered Instruction No. "X" as follows:

"And the dead stop of her automobile should have been near the west curb line of 13th Street or in such close proximity thereto as to enable her to view both south and north bound traffic on 13th Street and U. S. Highway No. 60, and not to proceed into 13th Street and U. S. Highway No. 60 until she could do so with reasonable safety to south bound and north bound traffic on 13th Street and U. S. Highway No. 60."

We have discussed somewhat above the appellant's contention that the Harris car was not stopped at the proper place, in which we stated in substance that the stop shall be made before entering the intersection, and the driver shall not proceed into the intersection until he can do so with safety, but the point of stopping is to be at a place where the view is sufficiently clear to permit observation of approaching traffic. Subsection (d) of Instruction No. 2 reads as follows:

"As she approached 13th. on Montgomery Avenue it was her further duty to bring her automobile to a dead stop before entering 13th. Street, and not to proceed into 13th. Street until she could do so with reasonable safety to north bound and south bound traffic on 13th. Street."

The above instruction is substantially the same as (the instructions which) have been found sufficient in other decisions. We believe it to be adequate here.

Appellant further complains of subsection (e) of Instruction No. 2, which applied the statutory speed limit of 25 miles per hour to the decedent's car, and criticised same on the ground that it conflicts with paragraph (d). The argument concerning this contention is not persuasive. Paragraph (d) required that the Harris car should be stopped before entering the intersection, and paragraph (e) applied to the car while it was in motion and was being driven into and over the intersection. Certainly this was not error in view of the fact that the appellant undertook to prove that the decedent was driving at a high rate of speed. The in-

structions appear to us to conform to the applicable statutory provisions and fully set out the respective duties of appellant and appellees' intestate.

Finally, appellant claims that the verdict is flagrantly against the evidence and resulted from passion and prejudice. As stated above, considering the age, vocation, earning capacity of the decedent, and the reasonableness of the judgment, we think this contention is negatived. There appears no convincing reason for reversal herein.

Judgment affirmed.