## Oerther v. Martin.

April 23, 1946.

Steinfeld & Steinfeld for appellant.

Harry L. Hargadon for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Affirming.

Walter Oerther sued George Martin to recover $750
on a contract and the balance due on a mortgage on the
plaintiff's automobile. He alleged, in substance, that
Martin agreed to pay him $750 for his interest in a
business which he and Martin had been conducting in
Louisville, and that Martin also agreed to pay all the
notes which were secured by a mortgage on an auto-
mobile owned by the plaintiff. Oerther testified that he
and Martin were partners engaged in the business of
operating a saloon and restaurant on South Shelby
street in Louisville, and that on May 15, 1944, Martin
purchased his one-half interest in the business for $750,
to be paid in three monthly installments of $250 each.
He admitted that he had invested no money in the busi-
ness, but that all of the capital had been furnished by
Martin. He served as bartender and received $25 a week.
He also testified that he mortgaged his automobile for
$200, and delivered that amount to Martin to enable
the latter to settle the claim of an employee and that
Martin agreed to repay it by paying off the mortgage
notes. Martin denied that any partnership existed or
that the plaintiff owned any interest in the business.
He testified that plaintiff was merely an employee and
was paid $35 a week. The premises were leased by Mar-
tin and his wife, and the liquor license was in their
names. The jury found for the defendant as to the
$750 item, but returned a verdict for the plaintiff for
the balance due on the mortgage on his automobile,
which, at the time of the trial, amounted to $69.54. The
plaintiff has appealed, and argues only one ground for
reversal of the judgment, errors in the instructions. The
$69.54 item has been paid, and is not involved on this
appeal.

Instruction No. 1 reads: "If the jury believe from

the evidence that prior to May 15, 1944, there existed as between the plaintiff and the defendant a partnership agreement, and if you further believe from the evidence that on or about the 15th day of May, 1944, there was an agreement entered into between plaintiff and defendant whereby plaintiff was to receive and defendant was to pay to plaintiff the sum of $750.00 for plaintiff's interest, if any, in said business, then you will find for the plaintiff as to this item, but unless you so believe, you will find for the defendant as to this item.''

It is argued that there was no mention of a partnership in the pleadings; that the pleadings and proof were directed only to appellee's agreement to pay appellant the sum sued for; and that the court, therefore, erred in referring to a partnership agreement in the instructions. Appellant's case was based on the theory and claim that he owned an interest in the business, and that the $750 which he claimed appellee agreed to pay him was the consideration for that interest. In his petition he alleged:

''* * * that plaintiff and defendant were engaged in the operation of a business known as Martin's Food Bar, located at 1506 South Shelby Street, Louisville, Kentucky, and that the plaintiff and defendant had each invested money in the business and owned certain interest therein.

''Plaintiff further states that on or about May 15, 1944, he and the defendant entered into an agreement wherein and whereby the defendant offered to pay to plaintiff the sum of Seven Hundred and Fifty Dollars ($750.00) and in addition thereto the defendant agreed to pay all of the notes which were secured by a mortgage on an automobile owned by the plaintiff, which notes were made, executed and delivered to the Aetna Finance Co., in consideration of which the plaintiff agreed to release to the defendant any and all of his right title and interest in and to the business known as Martin's Food Bar hereinabove referred to * * *.''

These allegations were traversed by the answer. The word ''partnership'' was not used in the pleadings, but appellant's claim of ownership of an interest in the business was in issue. On the trial he testified that the interest referred to in the pleadings was a partnership interest. If there was no partnership agreement and he

owned no interest in the business, then there was no consideration for the payment which he alleged the appellee agreed to make. We think appellant's own testimony shows conclusively that he owned no interest in the business but was only an employee, and that a directed verdict for the appellee would not have been improper. But, be that as it may, it was not error to submit to the jury the issue as to whether a partnership existed.

It is contended that an instruction defining partnership should have been given, but the instruction given by the court was correct as far as it went, and if appellant desired any further instruction it was incumbent on him to offer one covering the point. Stephens v. Glass, 296 Ky. 90, 176 S. W. 2d 139; Blue Grass Traction Co. v. Ingles, 140 Ky. 488, 131 S. W. 278. As said in Codell Construction Co. v. Steele, 247 Ky. 173, 56 S. W. 2d 955, 957: "The failure to define a term used in the instructions, without request, is not error."

The judgment is affirmed.