## Yates et al. v. Kurtz.

February 9, 1951.

Rehearing Denied May 8, 1951.

K. S. Alcorn, Judge.

James G. Begley and Henry Jackson for appellants.

James F. Clay for appellee.

JUDGE LATIMER—Reversing.

Suit was instituted by Robert C. Kurtz against Marshall Yates and Thomas Curtsinger seeking damages in the sum of $950 to his truck. The action arose out of an accident involving an automobile belonging to Marshall Yates and being driven by Thomas Curtsinger. The defendant Marshall Yates, after joining his codefendant in denial, counterclaimed against Robert C. Kurtz and Lillian Kurtz, his wife, for damages to his automobile in the sum of $1100. In the absence of Judge Alcorn, by agreement Honorable Chenault Huguley presided as special judge. Upon trial the jury returned a verdict in favor of plaintiff, R. C. Kurtz, in the sum of $600. Defendant, Marshall Yates, prosecutes this appeal.

The accident happened on State Highway 35 between Danville and Hustonville at or near the point where the Grubbs Lane Road, a road inferior in class, intersects Highway 35. There was a stop sign on the Grubbs Lane Road near the intersection.

Appellant's automobile, a 1940 Lincoln, was being driven by Thomas Curtsinger. He was traveling in a northerly direction toward Danville.

Kurtz' truck, a 1941 GMC pickup, was being operated by his wife, Lillian Kurtz, who was driving in an easterly direction approaching Highway 35. It was her intention to turn north on Highway 35 toward Danville. Mrs. Kurtz states that she was driving about 15 to 20 miles an hour and that about 30 or 35 feet before the intersection, she slowed up to about 2 or 3 miles per hour but did not stop before entering Highway 35. She stated that she looked both ways before driving on to the highway and that she saw the Yates car about 500 or 600 feet away, and, believing she had plenty of time to enter Highway 35 and make the left hand turn, changed to low gear, picked up speed, and was traveling about 10 miles per hour when the Yates car crashed into her. She stated that she did not realize there would be a crash until after it happened, and that at the time of the accident she had crossed to the right side of the road going north, with the front right tire of her truck over on the berm about a foot and the back left tire about a foot to the right of the center line.

Appellee's proof showed that Curtsinger, who was driving the Lincoln, was traveling about 25 or 30 miles an hour at the time and that when he first saw the Kurtz' truck he was about ten feet from it; that the Kurtz' truck was travelling about 10 to 15 miles an hour.

There was evidence to the effect that two or three witnesses heard Mrs. Kurtz say that her brakes failed.

Motion for peremptory instruction was made at the close of plaintiff's testimony and again at the close of all the evidence. Each was overruled.

Appellant is here insisting that the court erred in two propositions; one, in refusal peremptorily to instruct the jury as the verdict was not sustained by sufficient evidence. Two, because of misconduct of the jury during the trial of the case.

A proper consideration of proposition one requires that we look at both the law and the facts respectively: KRS 189.330, subsections 4 and 5 provide: "The driver of a vehicle shall stop at the entrances to a through highway * * *." "The driver of a vehicle shall likewise stop in obedience to a stop sign at an intersection * * *."

Thus we see it was the statutory duty of Mrs. Kurtz to stop before entering Highway 35. She states that she did not stop although she did slow down to 2 or 3 miles per hour and observing the approaching Lincoln, believed she had time to move on to the highway and make her left turn. "There's the rub of it." She thought the approaching car was 500 or 600 feet away and thought she had time to enter the highway and make the turn. In this she was mistaken. In fact the car was so close as to create an immediate hazard.

Her indifference to the stop sign and disobedience to the law as to stopping before making an entrance to a through highway, coupled with her mistaken belief that she had time to enter the highway, were the causes of this accident. Had she stopped, it is obvious that the accident would not have happened.

We think the court should have given the peremptory instruction as asked.

It becomes unnecessary to relate the facts surrounding the second proposition. Doubtless upon an-

other trial, there will not be a recurrence of the unjustifiable indiscretion on the part of one of the jurors, in the absence of the court and the attorneys, of interrogating a witness, while on the stand, relative to insurance in the case.

The judgment is reversed for proceedings consistent herewith, and if the evidence is substantially the same on another trial, the court will instruct peremptorily for the defendant.