**Thomas A. GOSLEE, Appellant,**

v.

**Lyle M. GERREN, Appellee.**

Court of Appeals of Kentucky.

May 25, 1956.

Warfield Z. Miller, Thomas D. Shumate, Richmond, for appellant.

George T. Ross, Richmond, for appellee.

STEWART, Judge.

This controversy originally involved three consolidated actions brought to recover property and personal injury damages resulting from a collision of two automobiles. These suits were tried together before the same jury, which found both drivers, who were also the car owners, negligent and denied their respective claims but awarded damages to each wife who was a guest passenger of each driver. Settlement has been made as to the judgments entered in favor of the wives and they are not parties to this appeal. Thomas A. Goslee has appealed and Lyle M. Gerren has cross-appealed from the judgments denying each damages. Each of the parties contends he was entitled to a directed verdict for the amount sought below, claiming the other was solely to blame for the accident.

Did the lower court commit a prejudicial error when it allowed the jury to determine this controversy, and was the evidence sufficient to uphold the verdict that each driver should recover nothing under the concurrent negligence instruction? It is necessary to examine the evidence to determine the issues raised.

On March 26, 1953, between 4:00 and 5:00 p. m., Gerren and his wife, Joyce, were traveling south on U. S. Highway 25, approximately 5 miles south of Richmond, when his car collided with an automobile driven by Goslee, who, accompanied by his wife, Lucy, was traveling north. The road at the site of the accident was straight and the surface of the pavement was dry. Visibility was good, since the weather was clear. Gerren was looking for a place to spend the night and, observing a motel and a restaurant on his left, he had slowed down and was preparing to turn in toward these buildings across the highway. 250 or 300 feet north of where the accident occurred, he started indicating with his left hand, as well as with a mechanical signal, his intention to make a left turn.

Gerren's testimony is to the effect that he observed two cars approaching from the south from 500 to 600 feet in the distance, according to his estimate; he thought he could make his turn and started to; but, seeing that he could not, stopped; and it was then that the collision occurred. Gerren's car was on Goslee's side of the road at the moment of the impact. Goslee remained within his right of way throughout. Gerren at one place in his testimony stated he could not gauge the speed of Goslee's car. At another time he said the Goslee car was "going fast." Joyce Gerren testified she saw two cars approximately 800 feet away but admitted she was not a good judge of distances. She said that both were "going very fast" and that one was passing the other. Neither Gerren nor his wife could testify with certainty as to which car hit them, i. e., whether it was the first or second of the two cars they indicated they saw.

Goslee testified he and his wife were returning north from a vacation, and he was driving about 30 or 35 miles per hour at the time of the accident since they were planning to stay the night at Richmond. He stated that he was following another car some 15 or 20 feet on his side of the road and that there were other cars behind him. Approximately 5 miles south of Richmond, a car suddenly crashed into the left front portion of his car. He further stated that he never observed the automobile that struck him until the accident occurred. Lucy Goslee testified that she was riding in the right front seat, looking straight ahead, and that she never saw the Gerren automobile and knew nothing of the accident.

According to Ted Pennell, a witness who testified for Gerren, Goslee told him he did not see the Gerren car because the sun was in his eyes. Earl Pierce, another witness for Gerren, testified that Goslee remarked he had a new pair of trifocal glasses which were bothering him and that this was the reason he was unable to see Gerren's automobile as he approached it. His wife, Grace Pierce, said Goslee told her he did not see Gerren's car before he collided with it. Gerren testified Goslee stated he did not know what happened and he did not see the Gerren automobile. Goslee denied making these statements but admitted he stated he did not know who was at fault for the accident.

██ We have no hesitancy in saying this was a jury case. A jury might well believe, and did unquestionably believe in this instance, that Gerren committed a negligent act because he misjudged the distance his car was from Goslee's automobile at the time he turned to his left in front of Goslee when the latter's automobile had the right of way. On the other hand, we think the jury also believed Goslee was guilty of contributory negligence, since there was ample evidence to indicate he was not keeping a lookout. In this regard, the jury no doubt concluded Goslee could have seen Gerren's car in time to have avoided the accident, even though it was over on his right of way, if he had been watching ahead on the road. Where the evidence is in conflict, as in this case, the negligence and contributory negligence of the parties involved are proper questions for the jury to determine. See Gartrell v. Harris' Coadm'xs, 300 Ky. 82, 187 S.W.2d 1019, and Bowman v. Ernst, 254 Ky. 376, 71 S.W.2d 1013. There was ample evidence to sustain a verdict that the drivers

were guilty of concurrent negligence. For the reasons shown, we are of the opinion the verdict should not be disturbed.

Wherefore, the judgments in the appeal and the cross-appeal are affirmed.