## Mendel, et al. v. Dorman.

(Decided February 12, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Municipal Corporations—Instruction as to Duty of Driver at Turn Held Proper.—An instruction that it was the duty of driver of automobile, before turning onto an intersecting street, to see first if there was sufficient space for such turn to be made in safety, and if the jury believed from the evidence that the movement or operation of another vehicle might reasonably be affected by such turning, then it was the duty of the driver to give plainly visible signals to the operator of such vehicle of his intention to turn by extending his arm, etc., was proper as against the objection that, if there was sufficient space for the turn to be made in safety, then the driver was under no duty to signal, and that the word "or" instead of "and" should have been used, in view of Ky. Stats., section 2739g-50.

2. Municipal Corporations—Statute as to Speed of Automobiles Held Repealed.—Ky. Stats., 1915, section 2739, subsection 9, providing among other things that it was prima facie unreasonable to operate an automobile at more than eight miles an hour at a highway crossing, was repealed by Act March 23, 1920, now Ky. Stats., 1922, chapter 88b.

3. Municipal Corporations—Ordinance Regulating Speed Invalid, if in Conflict with Statute.—Where an ordinance regulating the speed of motor vehicles within a municipality is in conflict with the statute on the same subject, the ordinance is invalid.

4. Municipal Corporations—Speed Ordinance Held in Conflict with Statute.—Ordinance of the city of Louisville, which makes a lower rate of speed in going around a curve or corner prima facie evidence of negligence, conflicts with the state statutes on the subject (Ky. Stats., 1922, chapter 88b), and in therefore invalid.

EUGENE R. ATTKISSON for appellants.

FRED FORCHT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment for $3,145.00 for personal injuries received in an automobile accident. The facts are these: Appellee was employed as a nurse by Mrs. Minnie Mendel, wife of appellant, Charles Mendel, and mother of appellant, Raymond Mendel. On February 17, 1921, Raymond Mendel called for his mother and appellee in a Studebaker sedan and took them out riding. Mrs. Mendel and appellee occupied the rear seat. They first drove out the Bardstown road and then returned by the same route, and while in the act of turning to the left on Eastern Parkway in the city of Louisville, the machine was overturned so that appellee was thrown into the side of the sedan and Mrs. Mendel, who is a large woman, was thrown on top of her. According to appellee the machine was being driven at a high rate of speed, and the driver did not undertake to turn until almost across the Parkway. The driver says that he was going along at a reasonable rate of speed and that, after giving notice of his purpose to turn by the usual signal, he turned to the right of and beyond the center. As he did so, his sedan was struck by another machine approaching from the rear, which caused it to turn over.

Certain errors in the instructions are relied on for reversal. In instruction No. 1 the court told the jury that it was the duty of Raymond Mendel, the driver of the machine, before turning his autombile westwardly on Eastern Parkway, to see first if there was sufficient space for such turn to be made in safety, and if the jury believed from the evidence that the movement or operation of another vehicle might reasonably be affected by such turning, then it was the duty of said Raymond Mendel to give plainly visible signals to the operator of such vehicle of his intention to turn by extending his hand and arm horizontally from and beyond the side of his automobile toward which the turn was to be made. It is argued that if there was sufficient space for the turn to be made in safety, then the operator of the machine was under no duty to signal the other machine of his intention to turn, and that the word, "or" instead of "and" should have been used. As the statute, section 2739g-50, Kentucky Statutes, couples the two duties together by using the word, "and," and not "or," and the word "space," occurring in the clause, "shall see first that there is sufficient space for such change or turn to be made in safety," is not confined to the space between the machine in ques-

tion and another vehicle, and the instruction conforms to the statute, it follows that the instruction was proper.

The court also told the jury in instruction No. 1 that it was the duty of the driver of the machine in making the turn not to operate his automobile at a greater speed than eight miles an hour, and the propriety of this portion of the instruction depends on whether it is authorized by statute or the traffic ordinance of the city of Louisville.

The former statute, subsection 9, section 2739, Kentucky Statutes, 1915, in dealing with the question of speed, not only on rural highways, but on highways passing through cities, towns or villages, first provided that no person should drive a motor vehicle upon any public highway in the state at a greater speed than was reasonable and proper, having regard to the traffic and use of the highway, and then provided that a rate of speed in excess of the following rates should be *prima facie* evidence of operating at a speed greater than was reasonable and proper:

"(a)  Through the closely built-up business portions of any incorporated city, town or village, ten miles an hour.

"(b)  Through the residence portions of any incorporated city, town or village, fifteen miles an hour.

"(c)  Outside of the closely built-up business portions and residence portions of any incorporated city, town or village, twenty miles an hour.

"(d)  In going around a corner, curve or crossing in a highway where the operator's view of the road traffic is obstructed, eight miles an hour."

In the month of June, 1918, the city of Louisville adopted an ordinace for the purpose of providing traffic regulations in conformity with the statute, and the ordinance follows the language of the statute.

The former statute was superseded by an act of March 23, 1920, now c. 88b, Kentucky Statutes. After providing that no operator of a vehicle on a public highway should drive at a greater speed than was reasonable and proper, having regard for the traffic and use of the highway, the statute, section 2739g-51, fixes a rate of speed in excess of the following rates as *prima facie* evidence of unreasonable and improper driving:

"(a)  Through the closely built-up business portions of any city or town, fifteen miles an hour.

"(b)   Through the residence portions of any city or town, twenty miles an hour.

"(c)   Outside the closely built-up business portions or the residence portions of any city or town, thirty miles an hour."

The statute omits entirely the provision of the former statute that a rate of speed in excess of eight miles an hour in going around a corner, curve or crossing in a highway where the operator's view of the road traffic was obstructed is *prima facie* evidence of a rate of speed greater than was reasonable. As the omission was intentional and the purpose of the statute was to cover the entire subject of vehicle regulation, it results that the former statute was repealed and that there is now no statutory provision authorizing that portion of the instruction complained of.

But it is insisted that the instruction was authorized by the traffic ordinance of the city, and it remains to determine whether that ordinance is valid. Not only is the power of the city of Louisville, which is a city of the first class, to pass ordinances restricted to the enactment of such ordinances as are not in conflict with the Constitution of the United States, the Constitution of Kentucky and the statutes thereof, section 2783, Kentucky Statutes, but the prevailing rule is that where an ordinance regulating the speed of motor vehicles within a municipality is in conflict with the statute on the same subject, the ordinance is invalid. However, there is no invariable rule for determining when there is a conflict. Cases have arisen where the ordinance fixed a rate of speed lower or higher than the statutory rate, or fixed a definite rate where the statutory rate was indefinite, and the decisions are not uniform. Ex parte Daniels, 183 Cal. 636, 192 Pac. 442, 21 A. L. R. 1172 and note. Many of them turn on the charter powers of the municipality, or the peculiar language of the statute and ordinance involved, and throw but little light on the question before us. As before stated, the traffic ordinance in question was enacted to conform to the former statute and is identical in language. Thereafter the legislature enacted the present statute, which is very comprehensive in its provisions and covers the entire subject of vehicle regulation, not only in the country, but in cities and towns. It left in force the provision of the former statute that no operator of a motor vehicle on a public highway should drive at a

greater rate of speed than was reasonable and proper, and not only changed the rates that would constitute *prima facie* evidence of unreasonable and improper driving in the various portions of any city or town, but omitted entirely the provision making it *prima facie* evidence of unreasonable driving to exceed a rate of eight miles an hour in going around a corner, curve or crossing, where the operator's view of the road traffic was obstructed. In view of this omission, and of the further fact that the legislature was dealing with the entire subject of what rate of speed would constitute *prima facie* evidence of unreasonable and improper driving not only in the country, but in cities and towns, there can be no doubt that its purpose was to make the provisions of the statute applicable to the conditions therein set forth, whether the vehicle was being driven straight down the street or around a curve or corner. It results that the ordinance in question, which makes a lower rate of speed in going around a curve or corner *prima facie* evidence of negligence, conflicts with the statute, and is therefore invalid. It follows that the instruction was erroneous in the respect indicated.

On another trial the court will make instruction No. 1 as well as instruction No. 2, which sets forth the duties of the driver of the unknown car, conform to the present statute.

This conclusion makes it unnecessary to determine whether the damages were excessive.

Judgment reversed and cause remanded for a new trial consistent with this opinion.

Whole court sitting.