## Tharp v. Elbert Coal & Teaming Company.

## Board v. Same.

(Decided November 23, 1928.)

### Appeals from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Trial.—In action by automobile driver and by occupant for injuries from collision of automobile and truck, verdict for defendant as against both plaintiffs held not contrary to instructions as to plaintiff occupant, since jury's finding for defendant, when under circumstances they could not have found for defendant as against occupant unless they believed that defendant's agent was not negligent, was a finding to that effect.

2. Automobiles.—Ky. Stats., sec. 2739g-42, requiring driver of automobile in making left-hand turn to drive to left of center of intersection, must prevail over any city ordinance to the contrary.

3. Trial.—In action for injuries from collision of automobile and truck, statement in instruction that it was automobile driver's duty to sound horn if necessary on approaching intersection held not prejudicial because truck driver admitted that he saw automobile approaching 100 feet from point of collision, in view of court's statement that a signal by automobile driver was not necessary.

BECKHAM OVERSTREET for appellants.

JOHN P. HASWELL for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

These two cases were tried together in the lower court, heard together in this court, and will be disposed of by one opinion.

Third street in Louisville runs north and south; Brandeis street, east and west. A very short distance south of Brandeis street is the Confederate Monument, a tall and imposing shaft of granite, facing northwardly, and resting upon an elaborate pedestal, which is surrounded by a grass plot around which runs a stone coping. The monument stands in the middle of the carriageway of Third street, which divides and passes around the monument in a semicircle to reunite on the other side. As Third street thus circles the monument, there comes into it at an angle from the southeast Shipp

street, and from the southwest Confederate place. On the 21st day of March, 1925, the appellant, Tharp, was driving his mother-in-law, the appellant Mrs. Roberta Board, in his automobile, from his home in the southern part of the city to the Louisville & Nashville Depot at Tenth and Broadway. Driving in Third street, he approached the Confederate Monument from the south. At this time appellee's truck loaded with coal was coming southwardly on Third street towards the Confederate Monument. It was the purpose of the driver of the truck to turn to the left and go out Shipp street. It was the purpose of Tharp, after circling the monument, to continue northwardly on Third street. Just before Tharp reached the monument, another automobile came up from behind him, passed to his right, circled the monument, and continued on in Third street. The coal truck which had very nearly reached the monument and was about to turn to the left in front of it, in order to enter into Shipp street, at least slowed down very materially in order to permit this automobile to pass. Tharp and his witnesses say that as he came around the monument the truck, which was headed at an angle to the axis of Third street in order to enter Shipp street, zigzagged to the right and into the path of Tharp, who had veered to the left and close to the coping around the grass plot in order to avoid colliding with the truck headed and moving as it was. On the other hand, the driver of the coal truck and appellee's witnesses say that the coal truck had come to a dead stop in order to permit the automobile which had passed Tharp to pass it, and that the truck was so standing when Tharp, circling the monument and keeping to the left when he should have kept to the right, ran into it. The collision of the car and the truck practically demolished the car and injured very substantially the front part of the truck. Both Tharp and Mrs. Board were personally injured. These suits were thereupon brought by Tharp and Mrs. Board for the injuries and damages they had thus sustained. The appellee counterclaimed in Tharp's suit for the damages done its truck. On the trial, the two cases being heard together, the jury returned a verdict "for the defendant," appellee here, but did not award it any damages for the conceded injuries which the truck had sustained. From the judgments entered on that verdict, these appeals are prosecuted.

For Mrs. Board, it is first insisted that the verdict of the jury is contrary to the instructions and hence as to her case there must be a reversal. Her contention is grounded on this argument: In substance, the court told the jury that they should find for Tharp and Mrs. Board if the accident was caused solely by the negligence of the appellee's agent in charge of the truck; that they should find for the appellee as against Tharp and award it damages for the injuries which its truck had sustained if the accident was caused solely by Tharp's negligence; that they should award neither Tharp nor the appellee any damages if the accident was caused by the negligence of both of them, but that, as to Mrs. Board, the negligence if any of Tharp could not be imputed to her, and that the only way the appellee could escape liability to her would be because the accident was not due to any negligence on its part; that, inasmuch as the jury did not award the appellee any damages for the conceded injury done its truck, they must have thought that the accident was caused both by the negligence of its agent and that of Tharp, and that, this being true, the jury should have awarded Mrs. Board a verdict for the injuries she sustained. This argument of the appellant Mrs. Board, however, overlooks the point that the verdict of the jury was one verdict in both her case and that of Tharp, and that their one finding "for the defendant" in both cases, when under the circumstances they could not have found for the defendant as against Mrs. Board, unless they believed that the appellee's agent was not negligent, is a finding to that effect. It is the appellee, who was not awarded any damages for the conceded injury to its truck, that has a right to complain, and not Mrs. Board.

The other grounds urged for reversal are common to both cases. The first one is that the court erred in instructing the jury that it was the duty of the driver of the coal truck in making the left-hand turn at Third and Shipp streets to drive to the left of the center of the intersection of these streets. Appellants insist that under the city ordinance it was the duty of the driver to circle the monument and turn into Shipp street from the right. The instruction given was in the language of the statute (Kentucky Statutes, sec. 2739g42), which must prevail over any city ordinance to the contrary. Mendel v. Dorman, 202 Ky. 29, 258 S. W. 936.

Their final ground for reversal is that the court in defining the duties of Tharp on the occasion of this accident, erred when it stated that it was Tharp's duty as he approached this intersection to "sound his horn if necessary." The appellants correctly contend that the driver of the coal truck admitted that he saw Tharp approaching some 100 feet away from the point of the collision, for which reason there was no necessity, so far as this driver was concerned, for any further notice. It must be remembered, however, that, when the evidence was being introduced and the question came up whether Tharp had sounded his horn, it being admitted by Tharp that he had not, the court said:

> "I think I can answer that. The driver of the truck said he saw the Tharp machine. A signal therefore was not necessary, or rather the failure to give a signal is not a matter that you need bother with—any failure of him to give a signal."

With this admonition before them, the jury must have known that, under the instructions of the court to the effect that it was Tharp's duty to give a signal "if necessary," his failure to give the signal was not negligence, since the court had already told them there was no necessity for the signal. Perhaps it would have been better to omit this matter from the instruction, but its inclusion was not prejudicial.

These are the only grounds relied upon for a reversal, and, as they are not sufficient for that purpose, the judgment is affirmed.