## Elliott's Guardian v. Bernauer.

### Stevens' Guardian v. Same
### (two cases).

(Decided March 24, 1933.)

(Common Pleas Branch, Fourth Division).

CHARLES W. MORRIS and OSCAR LEIBSON for appellants.

L. R. CURTIS and FRED FORCHT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

This is a consolidated action of three small children by their guardian, against J. P. Bernauer for damages sustained when they were injured in a collision of automobiles at the intersection of Broadway and Twenty-Second street in Louisville in the late afternoon of November 29, 1930. The verdict was for the defendant.

The car in which the children were riding was traveling east on Broadway, which is a boulevard, and the machine of the defendant was traveling north on Twenty-Second street.

The substance of the evidence in behalf of the plaintiffs in its most favorable aspect was that the car in which they were riding, driven by their grandfather Stevens, approached the crossing at about 20 miles an hour. When it was from 150 to 200 feet west of Twenty-Second street the defendant's car was seen to be approaching at a point perhaps 50 feet from the "mushroom" stop sign, which was from 12 to 25 feet south of Broadway street line. The defendant did not stop or blow his horn, but came on into Broadway at about 30 miles per hour. Plaintiff's car went straight ahead, the driver supposing, as he testified, that the other man would stop. As he got a little past the center of the intersection, the defendant's car struck the rear end of the other one and turned it over.

The defendant's evidence is that there was a bus at the corner taking on passengers and he stopped his car before entering Broadway and waited for the bus to go on. Then after looking both directions and considering the way clear, although he saw the Stevens car four or five houses down the street, he went ahead. When he got within a few feet of the center he realized there was going to be a collision. It was when he was about 6 feet inside the line that he blew his horn and turned his car eastwardly at an angle in an effort to avoid the collision. The plaintiff's car swerved in front of his and struck his bumper. He was going about 10 miles per hour as he crossed the street, while

the Stevens car, he thought, was approaching at about 35 or 40 miles per hour, although he could not tell just how fast it was coming. A bystander's version is that both cars approached at about the same speed, 20 miles per hour, but he could not say which one reached the intersection first.

The case was one for the jury, who was authorized under the evidence to find that the defendant was not guilty of negligence, and it cannot be said that the verdict is flagrantly against the evidence.

Complaint is made that the instructions omitted to declare it the duty of the defendant to sound his horn as he approached Broadway. Section 2739g-29, Statutes, places the duty upon an automobile driver to sound the horn whenever it is necessary, as a warning of its approach, but shall not do so unnecessarily. The evidence of the driver of the car in which these children were riding was that when he was 150 to 200 feet away, he saw the defendant's car 75 feet or less on the other street before it entered the intersection. According to his evidence the defendant would have been able to pass over the intersection in front of him before he reached it. The sounding of the horn would, therefore, have been a vain thing and not necessary so far as he was concerned and the failure to place the duty on the defendant, under the circumstances, was not error. Malcolm v. Nunn, 226 Ky. 275, 10 S. W. (2d) 817; Tharp v. Elbert Coal & Teaming Company, 226 Ky. 421, 11 S. W. (2d) 93; Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753.

It is also argued that the instruction relative to the duty of the defendant to stop his car before proceeding into the boulevard was not in the proper form. The instruction was that it was the duty of the defendant "to bring his automobile to a full stop at the south line of the intersection of Twenty-Second and Broadway streets and not to enter said intersection until he could do so without danger to eastbound traffic on Broadway." This instruction was substantially the same as that offered by the plaintiffs, the only material difference being that the offered instruction made it the duty of the defendant not to proceed if the car in which plaintiffs were riding was so near the intersection that in the exercise of ordinary care by

the defendant there was danger of colliding with it. We do not regard the difference prejudicial to the plaintiffs. The instruction given made it the duty of the defendant not to proceed if there was danger to any eastbound traffic instead of confining it to plaintiff's car alone. It likewise made the duty in that respect absolute instead of only confining it to the exercise of ordinary care.

No prejudicial error appearing, the judgment is affirmed.