**REED v. HOSTETLER** (two cases).

Court of Appeals of Kentucky.

Feb. 1, 1952.

James T. Robertson, Louisville, for appellants.

Davis, Boehl, Viser & Marcus, Louisville, for appellee.

STEWART, Justice.

These companion cases arose out of an automobile accident that occurred around 9:00 o'clock on the night of December 24, 1948, at Fourth and Kentucky Streets in Louisville. The actions were tried together and the jury returned a verdict that none of the parties should recover.

From a combined judgment dismissing the two petitions and a counterclaim, Frank Reed and Anna Lou Reed appeal, urging these grounds for reversal: (1) That appellants were entitled to a directed verdict; (2) that the physical facts show that appellee's negligence was the sole cause of the accident; (3) that it was error for the circuit court to combine the trial of the case of Anna Lou Reed with the other causes of action; (4) that the lower court wrongfully gave "Instruction Third (A)" to the jury and refused to give to the jury two instructions offered by appellants; (5) that the trial court restricted in a prejudicial manner the examination and cross-examination of witnesses by appellants' counsel; and (6) that the closing argument of counsel for appellee was improper.

Kentucky Street, by ordinance of the City of Louisville, is a one-way, four-lane boulevard, allowing traffic to travel from east to west. Fourth Street, running north and south, is a stop street at its intersection with Kentucky Street. There is a blinker light above the intersection, warning by red light north and southbound traffic to stop before entering Kentucky Street and cautioning by yellow light westbound traffic to go slowly at the intersection. The streets were wet, were begining to freeze and were slippery at the time of the accident.

Appellee, Kenneth E. Hostetler, operating a 1947 Studebaker 2-door sedan, testified that, just prior to the collision, he was driving westwardly on Kentucky Street about 10 feet from the left or south curb at a speed of from 30 to 32 miles per hour. As he approached the blinker light at the intersection of Fourth Street he said he "eased up a bit on the gas". He stated that he saw the Reed automobile just as he was entering the crosswalk immediately east of the intersection, his attention having been attracted to the car by its headlights; that Frank Reed, the driver, was proceeding at a speed of around 30 miles per hour straight across the street; and

that Reed did not reduce the speed or change the course of his machine. The collision, according to appellee, occurred in the intersection and about 10 feet from the south curb of Kentucky Street, if extended. Appellee was the only eyewitness who gave testimony in his behalf.

Eyewitnesses who testified for appellants, including themselves, numbered seven, six of whom were passengers in the 1946 model Ford sedan that appellant, Frank Reed, was driving at the time of the wreck. Another witness, a taxicab driver, whose cab was headed south on Fourth Street, had stopped across Kentucky Street and opposite the Reed car. As there is little if any variance in the aggregate testimony of these witnesses, we believe a summary of their evidence will adequately set forth appellants' version of the accident. Their proof was to the effect that appellant, Frank Reed, driving northwardly on Fourth Street, came to the intersection of Kentucky Street, stopped, saw nothing on Kentucky Street after looking both directions, shifted to low gear and proceeded slowly out into the intersection. After Frank Reed had moved one-half the length of his Ford out into the street he saw appellee's car, about one-half block away, coming toward him on Kentucky Street in the left or south traffic lane, traveling at "a terrific rate of speed". He applied his brakes, stopped immediately, and then the collision occurred in a matter of seconds. The speed of appellee's car at the time of the crash is variousy estimated from 45 to 60 miles per hour. Appellant, Anna Lou Reed, claims that she sustained a permanent injury to the lumbar region of her spinal column.

Appellants argue that certain physical evidence conclusively establishes appellee's negligence as the sole cause of the wreck. First, they point out that, after the impact of the two cars, appellee's Studebaker traveled on westwardly a great distance, skidded around in the street, then ran into the north curb of Kentucky Street and came to a stop headed eastwardly. They claim appellee's machine went 222 feet after the crash, whereas appellee testified it traveled from 75 to 100 feet thereafter. Appellee

said that he lost control of his car and this explains why it went so far before it stopped. On the other hand, it is undisputed that the Reed car did not move more than 3 or 4 inches out of its tracks as a result of the collision. Appellants maintain that all of this proves that their machine had stopped when the cars came together, but that appellee was driving at an excessive rate of speed at the time. Second, they assert that the photographs admitted in evidence disprove appellee's statement as to how the accident occurred. These exhibits, according to their interpretation, indicate that appellee's car sideswiped the front of the Reed automobile and that the particular type of damage sustained by each machine conclusively establishes appellants' contention that appellee ran his car into their vehicle.

As grounds 1 and 2 are interrelated, we shall consider them together. Accordingly, if we accept appellants' theory as to how the accident occurred, we should be compelled to direct a verdict for them. On the other hand, if we agree that the wreck occurred as appellee described it we should of course hold that appellants are at fault. Where the evidence is in conflict as in this case, the negligence and contributory negligence of the parties involved are a proper question for the jury. Bowman v. Ernst, 254 Ky. 376, 71 S.W.2d 1013; and Gartrell v. Harris' Coadm'xs, 300 Ky. 82, 187 S.W.2d 1019. We have always treated picture evidence as revealing circumstances to be considered in connection with the testimony of eyewitnesses. The latter type of evidence carries the greater weight, as we pointed out in National Linen Supply Co. v. Snowden, 288 Ky. 374, 156 S.W.2d 186, 189, in these words: "Where the physical facts and the testimony are not so diametrically opposed as to make the verbal testimony unbelievable the jury has the right to give weight to the testimony of eyewitnesses." The photographs do not show that appellee's version of the accident is inconsistent with the facts disclosed by these exhibits.

Coming to appellants' third complaint, we have many times written that the

trial court is vested with wide discretion as to trying together cases arising out of the same set of facts. In Mitchell v. Randall, 297 Ky. 302, 179 S.W.2d 868, 871, in which many cases are cited on this point, we said: "The rule in respect of consolidation is that where the issues arise from and involve common or similar facts as here the question of negligence or non-negligence, the court is vested with a wide discretion. If the court concludes that no undue advantage may be gained by one party or the other, or disadvantage to the party objecting there is no reversible error." This opinion further held: "In construing § 526, Civil Code of Practice, we have held that where the pleadings present issues which if singly tried would shift the burden, the court may exercise a broad discretion in placing it." Appellants have not shown, and we have been unable to conceive, how they were placed at a disadvantage by a trial of these cases together.

Turning to the fourth ground urged for reversal, appellants insist that the trial court committed prejudicial error in Instruction Third (A) as to Hostetler's speed when, after stating that it was the duty of Hostetler to drive his car at such a rate of speed as the jury might believe reasonable and proper under all the circumstances, it added: "If you (the jury) believe from the evidence that he was running at a rate of speed greater than thirty miles per hour, then that fact, if it was a fact, was prima facie evidence of improper driving."

An ordinance of the City of Louisville provides that speed in excess of 30 miles per hour on Kentucky Street shall be *prima facie* evidence of unreasonable and improper driving, whereas under KRS 189.-390(a) and (b) speed of motor vehicles through a city in excess of 20 miles per hour in a closely built up business section and of 25 miles per hour in a residential district, respectively, "shall be *prima facie* evidence of unreasonable * * * driving". Appellants say that the lower court should have set the speed at 20 miles per hour or at not in excess of 25 miles per hour in the instruction, since the state statute must prevail over the city ordinance.

■■ The established rule is that where an ordinance is in direct conflict with a statute upon the same subject the ordinance must yield. Mendel v. Dorman, 202 Ky. 29, 258 S.W. 936; Tharp v. Elbert Coal & Teaming Co., 226 Ky. 421, 11 S.W.2d 93; and Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564. The circuit court took the view, however, that the ordinance in controversy was not superseded by the statute because it was not inconsistent with it. Be that as it may, we are of the opinion that under all the evidence no prejudice whatever could have resulted to appellants from the giving of this instruction. Appellee conceded he was going at a speed of between 30 and 32 miles per hour, which admission was *prima facie* evidence of improper driving. Witnesses of appellants estimated his speed from 45 to 60 miles per hour. The jury evidently believed that appellee's speed, even though excessive, was not the sole cause of the accident. The verdict indicates that the jury found both car operators negligent. For this reason, we do not think the instruction was prejudicial to appellants.

Appellants contend that the trial court should have given an instruction offered by them to the effect that, even though Hostetler was driving his car upon a boulevard, yet, if the Reed automobile reached the intersection before Hostetler's car, then it was Hostetler's duty to yield the right-of-way to the Reed car.

■ This proposed instruction was too unqualified and also too favorable to appellants. See Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337. The question for the jury to decide was whether the operator of each automobile complied with his duty *at* the intersection, considering the fact that appellants were traveling on a subordinate street. We are of the opinion that this issue was fairly submitted to the jury when the trial court instructed that, if appellant, Frank Reed, was in the intersection with his car, "then it became the duty of Hostetler to exercise ordinary care to avoid collision with him by stopping his car, checking its speed or diverting its course."

In a separate action appellant, Anna Lou Reed, sued appellee for $20,000 as damages for personal injuries alleged to have been sustained by her from the accident. Appellee defended upon the grounds that her injuries were solely caused (a) by her contributory negligence and (b) by the negligence of the operator of the automobile in which she was riding. Her reply denied these two averments. Mrs. Reed's suit, as we have said, was consolidated with the action of Kenneth E. Hostetler v. Frank Reed in which Hostetler sued Reed for damages to his car and for personal injuries and wherein Reed counterclaimed for damage to the latter's automobile. Counsel for Mrs. Reed tendered in her behalf an instruction in substance that the negligence of her husband, the driver of the car, was not to be considered as imputable to her. The trial court refused to give this instruction.

It is established law that the negligence of the husband is not attributable to the wife where there is no showing of the relationship of master and servant or of principal and agent. Not only are these elements lacking here, but such contributory negligence, if any, apparently arose so suddenly upon the part of her husband that Mrs. Reed had no opportunity to exercise ordinary care to avoid its consequences and to provide against it for her own safety. Of course, if her injuries resulted solely from the negligence of her husband, she may not recover against Hostetler. See Cox's Adm'r v. Cincinnati, N. O. & T. P. Ry. Co., 238 Ky. 312, 37 S.W. 2d 859, and many cases cited therein; and see also Stanley on Instructions to Juries, Sec. 601, p. 773. The failure of the court to submit this last-mentioned instruction to the jury constitutes a reversible error as to Mrs. Reed's case.

Counsel for appellants criticizes at length the lower court's action in restricting his examination and cross-examination of witnesses. It seems to be this counsel's view that the trial court does not possess the inherent right to exclude evidence of any type where the adverse party does not object thereto. We do not agree with this argument. It cannot be denied that Section 593 of the Civil Code of Practice gives to the court "a reasonable control over the mode of interrogation"; and this section further states that, "The court, however, may stop the production of further evidence on a particular point, if the evidence upon it be already so full as to preclude reasonable doubt." We have carefully reviewed all of the testimony rejected by the court on its own motion, which is the basis of appellants' complaint, and we are of the opinion that the court in the trial of this case did not abuse the powers bestowed upon it by the above Code section. Nor were appellants prejudiced by the court's action in this respect.

In his argument before the jury, appellee's counsel made this remark: "I have heard Mr. Robertson try many cases, and he always says 'Don't hold anything I do against my clients'. When he asks improper questions the Court himself stopped him and would not let him get away with the improper trying of a case." We are unable to understand how it can be contended that this statement was improper since it conformed to events that had actually occurred during the trial. Although the assertion was in blunt language, we cannot believe it did not constitute legitimate argument in this case.

The combined judgment is affirmed on the appeal of Frank Reed v. Kenneth E. Hostetler, and this judgment is reversed on the appeal of Anna Lou Reed v. Kenneth E. Hostetler and remanded for proceedings consistent with this opinion.