**HANKINS APPLIANCE COMPANY, Appellant,**

**v.**

**S. H. GOEBEL, Commissioner, Department of Insurance, Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 18, 1955.

Allen Prewitt, Frankfort, for appellant.

Squire N. Williams, Jr., Frankfort, for appellee.

MILLIKEN, Judge.

This appeal questions the power of the Commissioner of Insurance to prohibit the sale of liquefied petroleum gas by a dealer to a consumer for *installation* by the consumer. It is the contention of the Commissioner that the only practicable way of assuring safe installation is to limit it to a registered L. P. Gas Service-Man, and the only way that can be accomplished is by regulating the dealers in the commodity.

Chapter 234 of the Kentucky Revised Statutes regulates the subject of liquefied petroleum gas and vests in the Commissioner the primary execution of the law, which contains this section:

"234.140 Regulations. The Commissioner of Insurance, after a public hearing thereon, shall make, promul-

gate and enforce regulations setting forth minimum general standards covering the design, construction, location, installation and operation of equipment for storing, handling, transporting by tank truck, tank trailer, and utilizing liquefied gases, and specifying the odorization of said gases and the degree thereof. Said regulations shall be such as are reasonably necessary for the protection of the health, welfare and safety of the public and persons using such materials, and shall be in substantial conformity with the generally accepted standards of safety concerning the same subject matter."

In pursuance of that section, the Commissioner has undertaken to adopt enforceable by the penalties prescribed in KRS 234.990, the following purported rule:

"(a) On and after July 1, 1954, no person, who is not a registered L. P. Gas Service-Man, (see B. 15) shall install, or haul for installation any L. P. Gas cylinder larger than the 20 lb. 'cash and carry' type contemplated in I-LPG-6, and which are exempt from 'Transportation License' under KRS, Section 234.120.

"(b) On and after July 1, 1954, no dealer shall sell, transport or deliver for installation by the ultimate consumer, any charged cylinder larger than those excepted in sub-paragraph (a) above."

Thus, can the Commissioner ordain that no dealer under penalty of law shall sell for installation by the consumer a "bottled-gas" cylinder larger than the described 20-pound "cash and carry" cylinder?

The substantive provisions of the Act forbid transportation of the gas in a type of tank not approved by the Commissioner and require his license or licenses to engage in various "businesses" of selling the gas and gas equipment, installing the equipment, transporting and storing the gas and of filling containers, KRS 234.110, 120. No

provision specifically authorizes him, of his own volition or discretion, to forbid any sale by a licensed dealer. On the contrary, KRS 234.120 provides in part:

"(2) No person shall be required to obtain a license in order to engage in the following activities concerning liquefied petroleum gas:

"(a) Storage, by the ultimate consumer, for consumption only; * *."

The trial court entered judgment sustaining the regulation, and the dealer has appealed. As grounds for reversal it is urged (1) that the Act does not confer upon the Commissioner either expressly or by necessary implication any power to forbid a sale of a "bottled-gas" container for installation by the consumer, nor is such power indispensable to any declared object of the Act; and (2) the power assumed contravenes the liberty secured by the Act to the ultimate consumer to store liquefied petroleum gas for consumption only.

The power of administrative agencies to regulate must always be scrutinized in order to prevent usurpation of legislative authority, but the scrutiny must not be entirely a faultfinding expedition; it must be done with the over-all legislative purpose in mind. Here, we are dealing with a highly inflammable substance. Persons in the business of installing equipment for the use of the product must be licensed. KRS 234.120(1) (b). There is such a multiplicity of users of the gas that regulation at that level is impracticable if not impossible. The regulation of sales by a licensed dealer seems to us to be a reasonable means of securing a safe installation of equipment and a safer utilization of the gas, thus protecting the "safety of the public and persons using such material" within the meaning of the governing statute. We do not find that the regulation denies to the ultimate consumer any rights he may have to store quantities of the gas for consumption. KRS 234.120(2) (a).

The judgment is affirmed.