Jerold LINKOUS, etc., Appellant,

v.

J. S. DARCH, Appellee.

Ellis LINKOUS, etc., Appellant,

v.

J. S. DARCH, Appellee.

Court of Appeals of Kentucky.

May 1, 1959.

Beverly White, Winchester, J. Douglas Graham, Campton, for appellants.

Hunter M. Shumate, Irvine, Rose & Short, Beattyville, Harvey T. Lisle, Winchester, Edward Jackson, Beattyville, for appellee.

Joseph J. Leary, E. Gaines Davis, Jr., Smith, Reed & Leary, Frankfort, amici curiae.

MONTGOMERY, Chief Justice.

The sole question here concerns the right of the Commissioner of Insurance to impose a duty on a liquefied petroleum gas wholesaler to inspect the facilities of the retailer before rendering any service.

Rex Center operated a general store in Campton and also was engaged in the retail supply of liquefied petroleum gas. Appellee J. L. Darch, as a wholesale distributor, supplied Center and other retailers with gas by delivery from his tank truck to their respective bulk storage tanks. Gas escaped from Center's storage tank, resulting in an explosion in which five young boys, including appellants, suffered severe burns. Judgments for damages recovered against Center have been affirmed. Center v. Linkous, Ky., 295 S.W.2d 567.

The bases of Center's liability were his failure to provide an adequate foundation for his storage tank and to install an automatic shutoff valve in the withdrawal line. Those actions as to appellee, codefendant, were dismissed by the trial court. See Linkous v. Darch, Ky., 299 S.W.2d 120. Other phases of this litigation have been decided in Center v. American Hardware Mutual Insurance Company, Ky., 303 S.W.2d 324, and Center v. Stamper, Ky., 318 S.W.2d 853.

These appeals are from the trial court order of dismissal of appellee. Appellants insist that Center's failures with respect to the foundation and valve were violations of the regulations that had been promulgated by the Commissioner of Insurance under authority of KRS 234.140, and that appellee also is liable for having delivered gas to the tank while it was in an unsafe condition. Appellants charge that appellee violated Section 1902 of "Kentucky Regulations for the Storage and Handling of Liquefied Petroleum Gases 1953."

The regulation reads:

"1902: Regulations for the Storage and Handling (Including Transportation) of Liquefied Petroleum Gases.

"(a) All storing and handling of liquefied petroleum gases shall be in accordance with the Kentucky Regula-

tions for the Storage and Handling of Liquefied Petroleum Gases, except where specific approval from this Office has been obtained under the provisions of Paragraph (f), I–LPG–A–1901.

"(b) No dealer, installer, or service contractor shall accept for service any system or installation unless he ascertains that it is in compliance with these regulations."

This regulation was promulgated pursuant to KRS 234.140, which provides:

"The Commissioner of Insurance, after a public hearing thereon, shall make, promulgate and enforce regulations setting forth minimum general standards covering the design, construction, location, installation and operation of equipment for storing, handling, transporting by tank truck, tank trailer, and utilizing liquefied gases, and specifying the odorization of said gases and the degree thereof. Said regulations shall be such as are reasonably necessary for the protection of the health, welfare and safety of the public and persons using such materials, and shall be in substantial conformity with the generally accepted standards of safety concerning the same subject matter."

The right of the Commissioner of Insurance to promulgate regulations under the statute has been recognized. Hankins Appliance Co. v. Goebel, Ky., 284 S.W.2d 327.

Chapter 234, Kentucky Revised Statutes, entitled "Liquefied Petroleum Gas and Other Flammable Liquids" provides a system of licensing and regulation for persons engaged in handling, storing, and transporting such commodities. The collection of license fees is authorized for the administration and enforcement of the governing statutes. Various standards and penalties are provided.

The effect of the regulation in question was to require a wholesale dealer to inspect the facilities of the retailer before delivery of any products. The purpose of this inspection was to determine if the facility of the retailer was constructed and maintained in accordance with the regulations prescribed by the Commissioner of Insurance. This placed an unwarranted burden on the wholesale dealer.

The duty of inspection was incident to the administration and enforcement of the provisions of the statutes governing these commodities. It was the duty of the Commissioner of Insurance to see that the facilities were constructed, operated, and maintained in accordance with the statutes and any proper regulations promulgated thereunder. There is nothing in the statute authorizing a shift of this responsibility to a wholesaler such as appellee.

The rules and regulations of an administrative agency duly adopted pursuant to the powers delegated to it have the force and effect of law. Union Light, Heat & Power Co. v. Public Service Commission, Ky., 271 S.W.2d 361; Isbell v. Union Light, Heat & Power Co., D.C., 162 F.Supp. 471. An administrative agency such as the Department of Insurance generally may regulate relative to administration and enforcement of a statute when the regulation is within the limit set by the statute, but the regulation adopted must not exceed the specific power delegated to the agency by the Legislature. It may not by rule or regulation amend, alter, enlarge, or limit the terms of a legislative enactment. Oertel Brewing Company v. Portwood, Ky., 320 S.W.2d 317; Roppel v. Shearer, Ky., 321 S.W.2d 36.

Section 1902 of the regulations is void insofar as it attempts to require any "dealer, installer, or service contractor" to ascertain that any system or installation is in compliance with the regulations issued by the Commissioner of Insurance before ac-

cepting it for service. The trial court was correct in dismissing the actions as to appellee.

Judgments affirmed.