George **THOMAS** et al., Appellants,

v.

**H. A. BARNETT** et al., Appellees.

Court of Appeals of Kentucky.

Nov. 5, 1965.

Rehearing Denied Jan. 28, 1966.

Herbert D. Liebman, S. Roy Woodall, Jr., Frankfort, for appellants.

Kinsolving & Kinsolving, William H. Hays, Shelbyville, for appellees.

CULLEN, Commissioner.

The Shelby County Planning and Zoning Commission entered an order approving preliminary plats for two industrial projects proposed to be constructed and operated in an "Interchange District" by the Long Silo and Block Company and the Kentucky Department of Highways. Certain property owners, whose lands adjoined the tract on which the projects were proposed to be constructed, brought an action in the circuit court upon a pleading styled "Complaint And Or Statement of Appeal," asking that the order approving the plats be adjudged void, that any permits issued likewise be declared void, and that the planning and zoning commission be enjoined from issuing any permits for construction of the projects. The circuit court entered judgment denying the requested relief and dismissing the complaint. The plaintiff property owners have appealed.

The appellants argue that (1) there is a provision of the Shelby County zoning order which allows a light industry project as a special use in an Interchange District, if approved by the planning and zoning com-

mission, and that this provision is unconstitutional; (2) the planning and zoning commission exceeded its authority in approving the plats because the proposed construction will extend beyond the limits of the Interchange District into an Agricultural District, and (3) the commission had no right, after having once entered an order denying approval of the proposed projects, to rehear the matter on its own motion and enter a new order approving the projects.

■ So far as the record before us indicates or even remotely suggests, the only thing the planning and zoning commission has done is to enter an order reciting its approval of the preliminary plats for the proposed projects. Nowhere in the record is there any evidence, pleading or even whispered rumor that this approval has any significance whatever. The zoning order is not in the record and we have no idea what its provisions are, except that in the *appellees' brief* there is a quotation from Section 43 of the order which indicates that a planned-development project may be a special use in an Interchange District with the provision that "The procedure under Section 23.5 shall be followed." Section 23.5 nowhere is set forth or quoted in this record and we have no idea what it says. The appellants would like us to assume that this section provides that the planning and zoning commission may authorize a planned-development project in an Interchange District if the project meets the approval of the commission, but there is not even so much as an allegation of a pleading that this is so. Actually, we would doubt that the order gives such authority to the planning and zoning commission, as distinguished from the *board of zoning adjustment and appeals,* because the granting of permission for special uses or special exceptions is not within the *statutory* powers of the zoning commission as set forth in KRS 100.854 and 100.860, while it is among the statutory powers of the board of adjustment and appeals under KRS 100.-866. See Schmidt v. Craig, Ky., 354 S.W. 2d 292.

■ The normal statutory powers of a county planning and zoning commission, under KRS 100.854 and 100.860, are to make recommendations to the fiscal court. The recommendations have no conclusiveness, finality or binding effect. From the record before us we are not warranted in concluding anything other than that the commission publicly expressed its approval of the preliminary plats for the proposed projects. Perhaps this could rise to the status of a recommendation, but no higher.

■ The first argument of the appellants, that "The Shelby County zoning ordinance provision which allows planned-development projects within an Interchange District, if approved by the Planning and Zoning Commission, is unconstitutional," is not sustainable because there is nothing in the record before us to show that the zoning order contains any such provision.

■ The second argument, that "the Commission exceeded its authority by rezoning into a planned development project an area of land in an Agricultural District," likewise cannot be sustained because as far as the record shows the commission did not purport to do any rezoning or in fact to do anything other than express its approval of the preliminary plats.

■ The third argument, that "the Commission did not have the right to reopen proceedings on a use permit when it had previously entered a final order denying the permit," fails also because there is nothing in the record to show that the commission undertook at any time to deny a permit or grant a permit or take any action that would be final or binding on anyone.

The entire proceedings impress us as being abortive. But the appellants have not shown any cause for court relief because they have not shown that anything of substantial significance has yet taken place.

The judgment is affirmed.