**FRANKLIN COUNTY et al., Appellants,**

v.

**Mose WEBSTER et al., Appellees.**

Court of Appeals of Kentucky.

March 18, 1966.

William A. Young, Frankfort, for appellants.

Allen Prewitt, Jr., William M. Johnson, George M. Catlett, Thomas F. Marshall, Frankfort, for appellees.

HILL, Judge.

This is an appeal from an order sustaining a motion to dismiss the complaint in an injunction suit filed by appellants attacking the action of the Capital Planning and Zoning Commission granting Petrie and Throneberry a special permit to construct a nursing or convalescent home adjacent to Indian Hills No. 4 subdivision of the city of Frankfort.

The complaint, the allegations of which must be taken as confessed on a motion to dismiss under CR 12.02(6), pleads an estoppel and that the action of the Commission is void because the ordinance of the city of Frankfort empowering the Capital Planning and Zoning Commission to issue an additional use permit was in violation with KRS 147.480, 100.079, and 100.086.

Appellees take the position, which was followed by the trial court, that the appellants cannot maintain this action because they had an administrative remedy under KRS 100.057 which they failed to pursue. Appellees also contend some of the appellants have no capacity to sue, and the lower court so found. But inasmuch as we reverse the judgment and conclude some of

the appellants are entitled to the relief sought, it becomes unimportant that some of the appellants "had no standing to challenge" the act in question.

Before discussing the legal questions involved here, we should identify the parties and outline some of the historic background of this litigation. Appellants Stokes and Thompson are the owners of lots and residences in Indian Hills No. 4, a subdivision immediately adjacent to the city limits of Frankfort. They undertake to prosecute this action as a class in their own interest and in the interest of others like situated. We refer to them herein as the "Residents." The other appellants are Franklin County, the individual members of the Franklin County Fiscal Court, and the County Judge of Franklin County.

Appellees include Mose Webster, Building Inspector and Zoning Enforcement Officer of the City; the individual members composing the Capital Planning and Zoning Commission; R. E. Petrie and Charles W. Throneberry, applicants for the permit in question; and Franklin Goins and James C. Pickett, the developers of the subdivision. R. E. Petrie and Charles W. Throneberry will hereinafter be referred to as the "Applicants"; the Capital Planning and Zoning Commission will be designated the "Commission"; and Goins and Pickett will be referred to as the "Developers." Although not a party, a Board of Zoning Adjustment and Appeals was created by Kentucky Acts 1950, Chapter 214, now KRS 147.540, and will be referred to in this opinion as the "Board."

On September 14, 1959, the Commission approved a plat of "Indian Hills No. 4," including lots No. 41 and 42. Shortly thereafter and before the recording of the plat, the Commission made a zoning change of a 16-acre tract joining the subdivision, lot No. 42, and portions of lots No. 41 and 43 so that after the change all the territory contained in said 16-acre tract, lot No. 42, and the portions of lots No. 41 and 43 were classified from R-1 (single-family dwelling) to C-1 (local commercial). A nursing home is not authorized under R-1 or C-1 classifications. This was about October 20, 1959. It is also alleged in the complaint that after the change above referred to, Stokes and Thompson purchased lots in the subdivision in question upon the strength of representation made by the Developers that all the lots therein including Nos. 41, 42, and 43 would be used only for single-family dwellings.

Early in 1964 the Developers sold to Applicants a portion of the land in question for the purpose of erecting a "nursing" or "convalescent" home. Applicants requested a permit, or technically a "certificate of occupancy", from appellee, Mose Webster, Building Inspector and Zoning Enforcement Officer, and were informed such permit could not be issued because a nursing home was not authorized under C-1 zoning classification. Application was then made to the Commission for an "additional use permit" under City Ordinance 71.17 enacted October 27, 1952, which ordinance, among other things, provided:

"The Capital Planning and Zoning Commission may, by special permit after public hearing, authorize the location of any of the following buildings or uses in any district from which they are prohibited * * * (c) hospitals, clinics, and institutions, including educational, religious, and philanthropic institutions and convalescent homes * * *."

It is argued by appellants that the attempted appeal of the order of the Building Inspector to the Commission and the order of the Commission granting the permit are void as being unauthorized and in conflict with KRS 147.540(2), 100.079, and 100.086. We quote from 100.079: "Appeals to the board may be taken by any person, * * * aggrieved by any official action or decision of any zoning enforcement officer." In other words, appellants contend the above

statutes provide for an appeal from the action of the Building Inspector and Zoning Enforcement Officer directly to the Board and not to the Commission. This premise is based on the proposition that Chapter 214 of the Legislative Acts of 1950, section 2, amending KRS 147.220, defined the powers and duties of the Commission in terms of a planning and advisory commission and did not empower the Commission to entertain an appeal from the order of the Building Inspector, but that the same Act of 1950, section 4, KRS 147.245, creating a Board of Zoning Adjustment and Appeals, specifically and exclusively provided for appeals to the Board. Better stated, the thrust of appellant's position is that "by the enactment of Section 71.17 of the ordinance of the city of Frankfort, the City has undertaken to transfer to one administrative agency a power and function clearly vested by statute in another administrative agency by the same statute."

■ Appellees' counter contention, while not conceding the invalidity of City Ordinance 71.17, is that by the enactment of Chapter 147 of the 1950 Acts of the General Assembly "any and all existing planning and zoning plans, ordinances, resolutions or orders, and regulations and restrictions or amendments thereof in effect within the respective territorial jurisdiction of the county and city shall continue and remain in full force and effect." With this position we cannot agree. If the ordinance was void insofar as it attempted to provide for appeals inconsistent with the provisions of KRS 147.510, it was invalid for all purposes and was not resurrected by the Act of the legislature. We think the legislature did not intend by the enactment of KRS 147.540 to enlarge the powers of the Commission or alter the provisions for appeal contained in KRS 147.540.

In the recent case of Thomas v. Barnett, Ky., 397 S.W.2d 781 (1965), in the discussion of an ordinance similar to that under consideration here, this Court observed:

"Actually, we would doubt that the order gives such authority to the planning and zoning commission, as distinguished from the *board of zoning adjustment and appeals*, because the granting of permission for special uses or special exceptions is not within the statutory powers of the zoning commission as set forth in KRS 100.854 and 100.860, while it is among the statutory powers of the board of adjustment and appeals under KRS 100.866. See Schmidt v. Craig, Ky., 354 S.W.2d 292."

■ We conclude that so much of City Ordinance 71.17 as attempts to empower the Commission to entertain appeals from orders of the Building Inspector or to grant special permits is void. It is written in 1 Am.Jur.2d Administrative Law, section 70, p. 866 that:

"Where a statute authorizes local governmental authority to create a particular agency but the statute itself provides the authority and powers of the agency, as in the case of local zoning boards of adjustment, the powers of the agency stem directly from the statute and may not in any way be circumscribed, altered, or extended by the municipal governing body, and under these circumstances an ordinance creating a local board need not include a word-for-word recital of the statutory powers of the board."

■ The statute is paramount to the ordinance. City of Owensboro v. Board of Trustees, 301 Ky. 113, 190 S.W.2d 1005 (1945); Reed v. Hostetler, Ky., 245 S.W.2d 953 (1952); and Linkous v. Darch, Ky., 323 S.W.2d 850 (1959). In the discussion of facts analogous to those in the present case, this Court said in Darch, supra:

"An administrative agency such as the Department of Insurance generally may regulate relative to administration and enforcement of a statute when the regulation is within the limit set by the statute, but the regulation adopted must not ex-

ceed the specific power delegated to the agency by the Legislature. It may not by rule or regulation amend, alter, enlarge, or limit the terms of a legislative enactment."

Having reached the conclusion above indicated, we turn now to the question of procedure raised by appellees. They point out that KRS 147.560 and 100.057 provide the exclusive remedy, that of appeal, by the filing of a certified copy with the circuit court clerk of such order appealed from within thirty days from its entry. It is true appeal is provided by statutes, and usually this remedy must be exhausted. See Oertel v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 251 S.W.2d 275 (1952); Hennessy v. Bischoff, Ky., 240 S.W.2d 71 (1951); and Bischoff v. Hennessy, Ky., 251 S.W.2d 582 (1952). However, it is provided by KRS 100.086 that: "Nothing contained in KRS 100.031 to 100.097 shall be construed to deprive any person * * * of any right * * * to proceed by injunction, mandamus, or other appropriate proceeding either in equity or law." This Court has interpreted the foregoing statute adversely to appellees' contention in Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557 (1948), and Louisville & Jefferson County Planning & Zoning Commission v. Stoker, Ky., 259 S.W.2d 443 (1953). We quote from Goodwin, supra: "But direct judicial relief is held available without exhaustion of administrative remedies where the statute is charged to be void on its face * * *."

▆ In the present case the remedy of appeal provided by KRS 147.560 and 100.057 is not considered exclusive. We might also point out that these statutes do not pertain to appeals from the action of the Commission.

The procedure followed was available to appellants Stokes and Thompson.

The judgment is reversed with directions for further proceedings consistent herewith.