WINSTON FORD CONSTRUCTION CO., INC. et al., Appellants,

v.

Rubbin MAGGARD et al., Appellees.

Court of Appeals of Kentucky.

Sept. 2, 1977.

Discretionary Review Denied
Feb. 13, 1978.

J. W. Craft, Jr., Craft, Barret, Haynes & Ward, Hazard, for appellants.

Cawood Smith, Harlan, for appellees.

Before MARTIN, C. J., and VANCE and WHITE, JJ.

VANCE, Judge:

The issue is whether a motion to join the Special Fund as a party defendant in a workmen's compensation case is timely if made after submission of the case for opinion and judgment but before the rendition of the final award. The Board ruled the motion was not timely and this ruling was upheld in the judgment on appeal.

Rule making authority is granted to the Board by a statute which provides:

The Board shall prepare such rules and regulations as it considers necessary to carry on its work and may make rules not inconsistent with this chapter for carrying out the provisions of this chapter. KRS 342.260(1).

Under this authority the Board promulgated the following regulation:

All persons shall be joined as defendants against whom the ultimate right to any relief may exist, whether jointly, several-ly, or in the alternative. The Board at any time, upon a proper showing may order that any additional party be joined when it deems the presence of such party necessary. The failure to timely join, including the Uninsured Employers' Fund, any party against whom any ultimate right to any relief which is alleged or could be alleged to exist, shall be considered as a waiver of the right to later proceed against said party and a bar to any relief therefrom. 803 KAR 25:010 Section (2)(3).

The appellee, Rubbin Maggard, was injured on August 7, 1973. His claim for compensation benefits was submitted for opinion and judgment by order of the Board dated March 22, 1976.

Thereafter, but before an award was issued, appellant moved that the order of submission be set aside and that the Special Fund be made a party defendant. The grounds asserted for joining the Special Fund were adequate under KRS 342.120. The Board denied the motion, however, because it did not consider the motion timely under 803 KAR 25.010 Section 2.

KRS 342.120(1) provides:

A claimant may in the original application for benefits, or either party may by motion while the case is pending, accompanied by proper allegations, and the board shall upon its own motion at any time before the rendition of the final award, cause the special fund to be made a party to the proceedings if either or both of the following appears  .   .   . .

The parties have approached the issues from the standpoint of whether the regulation was invalid as being in conflict with the statute. We perceive the issue to be much narrower.

Before we reach the question of the validity of the regulation we must determine whether the Board was correct in its ruling that the motion was untimely.

The Board considered the motion was not timely because it was made after submission of the case. It reasoned that motions so long delayed were sometimes made sim-

ply for further delay. The Board also asserts that it is impossible for it to examine each case thoroughly before submission to determine whether the facts warrant making the Special Fund a party. This responsibility, the Board contends, should rest with the employer.

The difficulty with the Board's position is that the statute sets the standards for timeliness. The statute provides that either party may move to make the Special Fund a party *while the case is pending. The Board shall upon its own motion at any time before the rendition of the final award* cause the Special Fund to be made a party when the proper factual showing is made.

It is beyond question that this case was still pending and that no final award had been rendered when the motion to join the Special Fund was made. It follows that the motion was within the time permitted by statute and was therefore timely.

■ The regulation did not undertake to expressly shorten the time allowed by statute for the filing of the motion. If it had done so it would have been invalid for it is well established that a regulation promulgated to carry out the provisions of a statute cannot contravene the very provisions it was designed to carry out. *Linkous v. Darch*, Ky., 323 S.W.2d 850 (1959).

■ Although the regulation did not expressly shorten the time allowed by statute for the filing of the motion, the interpretation of it by the Board had that effect. We hold that the Board cannot construe its regulations in such a manner as to bring them in contravention of the statute.

The Board erred in overruling the motion to join the Special Fund on the ground that the motion was untimely. The judgment is reversed with directions that a new judgment be entered remanding the case to the Board for further proceedings consistent with this opinion.

All concur.